UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

DR. MICHAEL G. WEBSTER                        CIVIL ACTION

VERSUS                                        NO: 13-6613

BOARD OF SUPERVISORS OF THE UNIVERSITY        SECTION: R(3)
OF LOUISIANA SYSTEM, et al.


                        **ORDER AND REASONS**

   Defendants move to dismiss plaintiff Michael Webster's complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court GRANTS Defendants' motion in part and DENIES it in part.


**I.   Background**

   Webster sues the Board of Supervisors of the University of Louisiana System; Eric Johnson, in his personal capacity and official capacity as Sims Library Director at Southeastern Louisiana University ("SLU"); Lynette Ralph, in her personal capacity and official capacity as Assistant Sims Library Director at SLU; and Victor Pregeant, in his personal capacity and official capacity as Compliance Officer for Equal Employment Opportunity / Americans with Disabilities Act at SLU.[2] Webster's complaint alleges exclusively violations of the Americans with

---

   [1] R. Doc. 7.

   [2] R. Doc. 1 at 2-3.

Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008.[3]

Webster alleges the following facts. In 2007, SLU hired him as a Collection Development Librarian.[4] In early 2008, he informed Ralph, his immediate supervisor, that he suffered from manic and major depression and that, despite taking medication, he might occasionally behave irrationally.[5] On June 19, 2009, while suffering a manic episode, Webster sent Ralph an email falsely accusing Johnson of sexual harassment.[6] The next day, realizing what he had done, Webster sent Ralph an email explaining that the accusation was caused by a manic episode and asking her to delete and disregard it.[7]

On or about July 6, 2009, Ralph and Johnson informed Webster that SLU would not renew his contract; that his employment would cease on January 6, 2010; and that, in the meantime, he was demoted from Collection Development Librarian to Special Projects Librarian.[8] A week later, Webster filed a complaint with Pregeant alleging harassment based on his disability and requesting an

---

[3] *Id.* at 1, 11-13.

[4] *Id.* at 3.

[5] *Id.* at 5.

[6] *Id.* at 7.

[7] *Id.*

[8] *Id.* at 8.

accommodation.[9] He alleges that Pregeant refused to investigate his complaint, because Webster was unable to provide records of his disability from a medical specialist.[10]

In August 2009, Webster filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[11] The EEOC later informed him that SLU had agreed not to affect his termination until the EEOC completed its investigation and issued its determination.[12] Nonetheless, SLU terminated Webster effective July 14, 2010, before the EEOC completed its investigation.[13] Webster alleges that from July 2009 through his date of termination, he was publicly ridiculed and embarrassed for his disability and the side effects of his medication.[14]

On September 28, 2011, the EEOC issued its determination finding reasonable cause to believe that SLU terminated Webster because of his disability.[15] The EEOC engaged the parties in conciliation efforts, which proved unsuccessful.[16] On September

---

[9] *Id.* at 9.

[10] *Id.*

[11] *Id.* at 10.

[12] *Id.* at 11.

[13] *Id.; see* R. Doc. 1-1 at 1.

[14] R. Doc. 1 at 10.

[15] R. Doc. 1-1.

[16] *See* R. Docs. 1-1, 1-2.

9, 2013, the Department of Justice issued Webster a right to sue letter.[17] Webster brought this action on December 9, 2013.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks removed). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of

---

[17] R. Doc. 1-2.

the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. Discussion**

Webster seeks declaratory, monetary and injunctive relief.[18] The Court concludes that his claims for money damages must be dismissed, while his claims for declaratory and injunctive relief against Johnson, Ralph and Pregeant in their official capacities may proceed.

A.   *Claims for Money Damages Against SLU and Against Johnson, Ralph and Pregeant in Their Official Capacities*

Defendants assert sovereign immunity under the Eleventh Amendment.[19] "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals

---

[18] R. Doc. 1 at 14-15.

[19] R. Doc. 7.

in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("*Garrett*"). Congress may abrogate this immunity "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Id.* (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). In *Garrett*, the Supreme Court held that Congress did not act pursuant to a valid grant of constitutional authority when it purported to abrogate state sovereign immunity under Title I of the ADA. *Id.* at 374. Accordingly, the states retain Eleventh Amendment immunity against employment claims under the ADA. *Id.*

Although Webster has not sued the state of Louisiana in its own name, Eleventh Amendment immunity extends to the defendants in this case. "The Board of Supervisors for the University of Louisiana System, as the governing body for Southeastern Louisiana University, is an agency of the State of Louisiana and has Eleventh Amendment immunity from suit against it in federal court." *Rushing v. Bd. of Supervisors of Univ. of La. Sys.*, No. 06-623-C, 2008 WL 4200292, at *3 (M.D. La. Sept. 11, 2008); *see Laxey v. La. Bd. of Trustees*, 22 F.3d 621, 623 (5th Cir. 1994) (Public university "under the supervision and management of the Board of Trustees of State Colleges and Universities . . . is an arm of the state and protected from suit in federal court by the Eleventh Amendment."). Further, state sovereign immunity extends to claims for money damages against state officers in their

official capacities. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). Accordingly, Webster's claims for money damages against SLU and Johnson, Ralph and Pregeant in their officials capacities must be dismissed.

Webster makes three arguments against application of state sovereign immunity in this case. First, he argues that Defendants waived sovereign immunity by engaging in affirmative litigation conduct.[20] This argument is without merit. The test to determine "whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)) (quotation marks removed). "Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction." *Id.* at 676 (citations removed). Here, Defendants' first filing was their motion to dismiss, invoking Eleventh Amendment immunity. Although they subsequently have engaged in discovery and responded to an order of the Magistrate Judge, such conduct does not constitute either voluntarily invocation of federal-court jurisdiction or a clear declaration of an intent to submit to such jurisdiction. The Court holds that Defendants have not waived sovereign immunity.

---

[20] R. Doc. 15 at 1-3.

Second, Webster argues that Eleventh Amendment immunity does not apply to his claims for retaliation.[21] *See* 42 U.S.C. § 12203(a). He argues that the Court should recognize abrogation of sovereign immunity for retaliation claims under the ADA, because "Congress has the right to prohibit conduct that violates the First Amendment."[22] His argument is based on the presumption that his communications to Ralph and Pregeant that allegedly spurred retaliation receive First Amendment protection. It is true that the First Amendment applies "when a public employee arranges to communicate privately with his employer . . . [on] a matter of public concern." *Connick v. Myers*, 461 U.S. 138, 146 (1983). But "[w]hen employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." *Id.* In other words, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest," First Amendment protections generally do not apply. *Id.* at 147. Webster's complaint does not allege that he spoke to Ralph and Pregeant as a citizen on matters of public concern. Rather, it indicates that

---

[21] *Id.* at 5-7.

[22] *Id.* at 6.

8

he made the communications that allegedly prompted retaliation as an individual either complaining about his working conditions[23] or attempting to protect his employment.[24] Accordingly, the Court finds that Webster does not plausibly allege a retaliation claim under the First Amendment. *See Chiasson v. City of Thibodaux*, 347 F. Supp. 2d 300, 308-09 (E.D. La. 2004) ("When the content of speech 'deals with individual personnel disputes and grievances,' the speech does not involve a matter of public concern.").

Third, Webster argues that Congress validly abrogated state sovereign immunity for ADA employment claims with the ADA Amendments of 2008, rendering *Garrett* outdated and no longer good law.[25] Webster cites no case law, in this circuit or elsewhere, to support this proposition. Moreover, the Court has already

---

[23] *See* R. Doc. 1 at 7 ("[Webster] emailed Ralph regarding his opinion on [a purchasing meeting at which he had strongly disagreed with a co-worker]. Despite certain points in the email appearing to be rational[] points, by the last few paragraphs of the email, Dr. Webster's statements were unusual to say the least – accusing Johnson of sexual harassment.").

[24] *See id.* at 7 ("Dr. Webster immediately emailed Ralph requesting she ignore and delete his emails sent on June 19, 2009, and that these emails were caused by a manic depressive episode. . . . During [a] meeting [with Ralph], Dr. Webster was in tear[s] trying to explain that his depression episode caused this email, that he would never have sent that in sound mind, and that his statements were baseless."), 9 ("Dr. Webster filed a three-page complaint to Pregeant alleging harassment based on his disability and requesting an accommodation."), 10 ("In August 2009, Dr. Webster filed his complaint with the Equal Employment Opportunity Commission.").

[25] R. Doc. 15 at 9-13.

rejected this argument. *See Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 832 (E.D. La. 2012) ("Suits brought under Title I of the ADA . . . are barred by the Eleventh Amendment. The ADA Amendments Act of 2008 does not change this analysis.") (citations removed). In sum, the Court concludes that Defendants' invocation of state sovereign immunity precludes Webster's claims for money damages against SLU and against Johnson, Ralph and Pregeant in their official capacities.

B.  *Claims Against Johnson, Ralph and Pregeant in Their Personal Capacities*

Webster also brings claims against Johnson, Ralph and Pregeant in their personal capacities. The Court concludes that these claims must be dismissed, because the ADA does not permit individual liability against agents of an employer.

The ADA's employment discrimination provisions apply only to "covered entities." 42 U.S.C. § 12112(a). The ADA defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). As relevant here, it defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A).

"[S]everal circuit courts have concluded that individuals may not be held liable under the ADA, despite the agent provision in the definition of 'employer.'" *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 881 (E.D. La. 2013) (collecting cases). Although the Fifth Circuit has not ruled on this question, it "has made clear that individuals who do not otherwise qualify as 'employers,' as a sole proprietor would, cannot be held individually liable under Title VII of the Civil Rights Act of 1964 ('Title VII')." *Starkman v. Evans*, 18 F. Supp. 2d 630, 632 (E.D. La. 1998) (citing *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994)). Likewise, the Age Discrimination in Employment Act ("ADEA") "provides no basis of relief against supervisors in their individual capacity." *Id.* (citing *Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996)). Since the ADA's definition of "employer" is the same as the definitions of "employer" in Title VII and in the ADEA, the Court concludes that individuals who do not meet the statutory definition of "employer" cannot be held liable in their individual capacities under the employment provisions of the ADA. *See id.* (quoting *Kacher v. Houston Community College Sys.*, 974 F. Supp. 615, 618 (S.D. Tex. 1997)); *accord Franklin*, 928 F. Supp. 2d at 881-82.

The Court concludes that the ADA does not permit personal liability against Johnson, Ralph and Pregeant. Accordingly, the

11

claims against these defendants in their personal capacities must be dismissed.

*C.   Claims for Prospective Relief*

Although Webster's claims for money damages must be dismissed, the Court finds that his claims for prospective declaratory and injunctive relief against Johnson, Ralph and Pregeant in their official capacities may proceed at this time. In his complaint, Webster explicitly seeks declaratory relief, reinstatement, and an injunction restraining Defendants' allegedly discriminatory practices.[26] "Pursuant to the *Ex parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity." *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321 (5th Cir. 2008). "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Fifth Circuit views the *Ex parte Young* exception "as an appropriate vehicle for pursuing reinstatement to a previous job position." *Nelson*, 535 F.3d at 322. Accordingly, the Court

---

[26] R. Doc. 1 at 14-15.

concludes that Webster states plausible claims for declaratory and injunctive relief against Johnson, Ralph and Pregeant in their official capacities.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court declines to dismiss Webster's claims for prospective declaratory and injunctive relief brought against Johnson, Ralph and Pregeant in their official capacities. The Court DISMISSES all other claims with prejudice.

New Orleans, Louisiana, this __8th__ day of August, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE