UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DR. MICHAEL G. WEBSTER,** | * | CIVIL ACTION NO. 13-6613 |
| | * | |
| **VERSUS** | * | |
| | * | |
| **BOARD OF SUPERVISORS OF THE** | * | SECTION " R " ( 3 ) |
| **UNIVERSITY OF LOUISIANA SYSTEM** | * | |
| **(SOUTHEASTERN LOUISIANA UNIVERSITY),** | * | JUDGE VANCE |
| **DR. LYNETTE RALPH, ERIC JOHNSON, and** | * | |
| **VICTOR E. "GENE" PREGEANT** | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| **Defendants.** | * | Jury Requested. |

*********************************************

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dr. Michael G. Webster, and files this memorandum in support of his motion for leave to file an amended complaint.

Plaintiff has not filed a previous amendment to his complaint (CMECF No. 1); this is Plaintiff's first request under Federal Rules of Civil Procedure, Rule 15, to amend his complaint. Plaintiff has attached his proposed amended complaint to this motion and memorandum. This Court's Scheduling Order of February 12, 2015, states, "Amendments to pleadings … shall be filed no later than March 16, 2015." As such, Plaintiff timely files this request for amending his complaint.

Plaintiff seeks to amend his complaint to avert injustice from occurring in this matter. Rule 15(a)(2) provides that "a party may amend its pleading only with … the court's leave. **The court should freely give leave when justice so requires**" (emphasis added).[1] Plaintiff seeks to

---

[1] Plaintiff is seeking this Court's leave to file his amended complaint based on Defendants' position in their Reply Memorandum to Defendants' motion for summary judgment, which suggests opposition to any allowance of an amended complaint by Plaintiff. CMECF No. 55-2, p. 6.

amend his complaint to bring a cause of action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as well as clarify his cause of action under state obligation rights.

Rule 15 provides that "the court should freely give leave when justice so requires." In this matter, Defendants have attempted to avoid liability of the State's actions under 11th Amendment sovereign immunity as it relates to a claim brought under the ADA. Plaintiff seeks to cure his complaint's deficiency by instituting a cause of action under the Rehabilitation Act which will allow Plaintiff an avenue of recover for the wrongs done against him by Defendants.

Plaintiff's amended cause of action under the Rehabilitation Act arises out of the exact same facts and fact patterns as pled in his original complaint and against existing defendant parties to this litigation. Simply, the Rehabilitation Act allows a state employee to bring an action similar in nature to an ADA action against the State, despite sovereign immunity, based on the fact that Defendant Southeastern Louisiana University is the recipient of federal funds.[2] *Frame v. City of Arlington*, 657 F.3d 215, 223-24 (5th Cir. 2011) ("The ADA and the Rehabilitation Act generally are interpreted *in pari material*. Indeed, Congress has instructed courts that 'nothing in [the ADA] shall be construed to apply a lesser standard than the standards applied under … the Rehabilitation Act …'." (Internal citations omitted).

Under Rule 15(c)(1)(B), which provides, "An amendment to a pleading relates back to the date of the original pleading when: (B) the amendment asserts a claim … that arose out of the conduct … set out – or attempted to be set out – in the original pleading", Plaintiff's claim under the Rehabilitation Act should relate back to the date of his original complaint. *Also see Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996) (relation back is permitted when an

---

[2] *See* Section 504 which provides,
> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or … .

amended complaint asserts a new claim on the same core of facts but involves a different legal theory).

Plaintiff also seeks to amend his complaint to include clarification that he is seeking relief under Louisiana state obligations law.  Specifically, Plaintiff alleges that the Equal Employment Opportunity Commission and Southeastern Louisiana University entered into an oral (possibly written) agreement that Plaintiff would not be terminated until the EEOC's investigation was completed and a "no cause" determination was made by the EEOC.  *See* ¶¶ 38, 39.  Plaintiff is the beneficiary of this agreement, and as such, has a right to bring action based on Southeastern Louisiana University's breach of the agreement (*i.e.* terminating Plaintiff prior to the EEOC's issuance of its determination (which was a "cause" determination)). La. Civil Code, arts. 1978 *et seq.*; arts. 2298 *et seq.*

Further, Plaintiff's allegations include a breach of the University's policies regarding termination of faculty, which Plaintiff seeks to clarify as a cause of action.  *See* ¶ 40.

Plaintiff is timely filing this request under this Court's Scheduling Order.  Without these amendments, injustice will occur.  Plaintiff's amendments add no significant additional needs for discovery since the Rehabilitation cause of action mirrors a cause of action under the ADA.  Likewise, Defendants obligation claims are pled in the original complaint and are being clarified with this amendment as causes of action so as to eliminate any confusion.  The discovery phase of litigation is just beginning under this Court's new Scheduling Order of February 12, 2015, thus providing the parties ample time to conduct any discovery they deem additionally needed in light of these amendments.  As such, these amendments will bring no undue prejudice to Defendants. Dr. Webster is *not* bringing these amendments with dilatory or bad faith motives, rather, he is seeking justice to the wrongdoings done by Defendants.

Dr. Webster prays this Court grant his motion for leave and allow him the opportunity to file the attached Amended Complaint.

**Certificate of Service**
I hereby affirm that service of the foregoing memorandum has been served on all counsel of record through this Court's CMECF system this 14th day of March, 2015.

_____
Bryce G. Murray

Respectfully submitted,

_____
**Bryce G. Murray, TA, La. Bar No. 28968**
**BRYCE MURRAY, ATTORNEY • NOTARY, LLC**
4708 Trenton Street
Metairie, Louisiana 70006
(504) 383-3246
bryce@brycemurray.com
**ATTORNEY FOR PLAINTIFF**

4