UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DR. MICHAEL WEBSTER** | * | **CIVIL ACTION NO. 13-6613** |
| **Plaintiff** | * | **SECTION "R" (3)** |
| | * | **JUDGE VANCE** |
| vs. | * | |
| | * | **MAGISTRATE KNOWLES** |
| **BOARD OF SUPERVISORS OF THE** | * | |
| **UNIVERSITY OF LOUISIANA SYSTEM** | * | |
| **(SOUTHEASTERN UNIVERSITY),** | * | |
| **DR. LYNETTE RALPH, ERIC JOHNSON,** | * | |
| **and VICTOR "GENE" PREGEANT** | * | |
| | * | |
| **Defendants** | * | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants, Board of Supervisors for the University of Louisiana System (Southeastern Louisiana University)("SLU"), Dr. Lynette Ralph, Eric Johnson, and Victor "Gene" Pregeant, oppose Plaintiff's Motion for Leave on the grounds the amendments, as proposed, would be futile. First, Plaintiff's claim under Section 504 of the Rehabilitation Act is time barred. Second, the Eleventh Amendment serves as a bar to any breach of contract claim. In addition, the Rehabilitation Act does not allow for punitive damages nor does it allow a plaintiff to sue defendants in their respective individual capacities or in their official capacities when the employer entity, in this case, SLU, is already sued.

1. **Rule 15(A) does not permit leave to amend in this case, as Plaintiff's claim under Section 504 of the Rehabilitation Act would be futile as time-barred.**

While Rule 15(a) evinces a bias in favor of granting leave to amend, *see Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000), leave to amend is by no means automatic and is generally entrusted to the sound discretion of the district judge. *See Wimm v. Jack Eckerd*

1

*Corp.,* 3 F.3d 137, 139 (5th Cir. 1993). "Liberality in pleading does not bestow on a litigant the privilege of neglecting [his] case] for a long period of time," and the Fifth Circuit has noted the importance of protecting "a busy district court [from being] imposed upon by the presentation of theories seriatim." *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1025 (5th Cir. 1981).

Plaintiff has made no mention of a Rehabilitation Act claim in his Motion to Continue (or adding any other claim). In addition, Plaintiff waited until the deadline to amend pleadings to file a claim under the Rehabilitation Act even though he has been anticipating litigation since at least June 19, 2009. *See* Rec. Doc. No. 59-3.

Assuming, arguendo, any excuse for a nearly six-year delay, his proposed Rehabilitation Act claim still should be dismissed as untimely. "A Court need not grant leave to amend when the filing would be futile because the proposed claims are time barred." *Newby v. Enron Corp.,* 542 F.3d 463, 469 (5th Cir. 2008). Plaintiff's Rehabilitation Act is time-barred. The alleged discrimination against him took place on July 6, 2009. He did not file his motion for leave to amend until March 14, 2015. This is well after the one-year statute of limitations that would be applied. *Boyle v. Greenstein,* Civil Action No. 11-3192, 2012 WL 1932947, at *3 (E.D. La. May 29, 2012). This Court has previously concluded that claims arising from the Rehabilitation Act have the one-year period as dictated by state tort law. *Id.* The Rehabilitation Act does not expressly include its own statute of limitations, rather the court draws the statute of limitations from an analogous state statute. *See N. Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995). As mentioned above, the Louisiana one-year prescription period applies to Rehabilitation Act claims.

Nothing as to Dr. Webster's ADA claim tolls the running of statute of limitations as to his Rehabilitation Act claim. This issue was addressed in *Adams v. District of Columbia,* 740

F.Supp.2d 173, 182-83 (D.D.C. 2010), where the court held that the Rehabilitation Act claim for disparate treatment was not tolled during the pendency of administrative proceedings before the District of Columbia Office of Human Rights DCOHR (the District of Columbia's equivalent to the EEOC). *Id.* at 183.[1] The *Adams* Plaintiff filed an ADA suit following receipt of a "release to sue letter" from the DCOHR. Yet, similar to the present case, the *Adams* Plaintiff did not timely file a Rehabilitation Act claim. The act of discrimination in *Adams* occurred on February 6, 2006, but suit was not actually filed on the Rehabilitation Act claim until November 9, 2009. *Id.* at 184. The Adams court found that the Rehabilitation Act claim was not timely filed. In reaching its conclusion, the *Adams* court noted that "[a] limitations period does not toll when a plaintiff is not required but chooses to exhaust his administrative remedies before pursuing a claim in court." *Id.* at 182 (quoting *Johnson v. Ry. Express Angency, Inc.,* 421 U.S. 454, 461 (1975). Thus, the *Adams* plaintiff's pursuit of administrative remedies did not toll the statute of limitations for his Rehabilitation Act claims.

Dr. Webster's Rehabilitation Act claim is untimely even if he claims that it relates back to his ADA claim. His seeking administrative review of his ADA claim did not serve to toll the statute of limitations as to his Rehabilitation Act claim. And, as discussed above, the applicable statute of limitations to a Rehabilitation Act claim is the one-year statute of limitations provided for by Louisiana Civil Code Article 3492. *See also Boyle,* supra.

Additionally, the Rehabilitation claim was ruled to not relate back in *Cebuhar v. Dept. of Alcoholism and Substance,* No. 96 C 7363, 1997 WL 222871 (N.D. Ill. Apr. 24, 1997). In that case, an employee brought action against employer and managers under both the ADA and the Rehabilitation Act. In *Cebuhar*, the court ruled that the plaintiff's Rehabilitation Act claims were

---

[1] Other courts have held that the filing of an EEOC claim does not toll the statute of limitations on a Rehabilitation Act claim. See, e.g., *Solomon v. New York City Bd. Of Ed.*, 1996 WL 118541, at *4 (E.D. N.Y. 3/6/96); and *Wood v. City of Cordele*, 2013 WL 5952165, at *7 (M.D. Ga. 11/6/13).

not tolled while he pursued administrative remedies under the ADA. *Id.* at *5. The *Cebuhar* court noted that, "[p]ut simply, a plaintiff with a host of potential claims …. Only one of which provides for an administrative remedy (here ADA), may file suit on his other claims and ask the district court to stay the proceedings until the administrative process is complete."

In the present case, the one-year limitation period began on July 6, 2009, when Dr. Webster received a notice of non-renewal of his contract. Yet, his Rehabilitation Act claim was not filed until March 14, 2015. Even assuming, arguendo, the statute of limitations began to run as of July 12, 2010, the date Plaintiff was terminated, the one-year statute of limitations nevertheless expired over three years ago.

That Dr. Webster first sought to exhaust administrative remedies as to his ADA claim did not serve to toll the statute of limitations on his Rehabilitation Act claim. The Supreme Court has held that the statute of limitations continues to run on a claim that requires no administrative exhaustion while a plaintiff pursues administrative remedies on a separate claim that does not have such a requirement. *Johnson,* 421 U.S. at 461. A survey of the applicable jurisprudence shows that the Rehabilitation Act does not require exhaustion of administrative remedies when the suit involves a non-federal employee, like Dr. Webster, bringing a claim under Section 504 based on the defendant's receipt of federal funds. *Cannon v. University of Chicago,* 441 U.S. 667, 706-08 (1979); *see also Camenish v. Univ. of Texas,* 616 F.2d 127, 134 (5th Cir. 1980)(overruled on other grounds); *see also Cebuhar,* supra.

It does not matter that Dr. Webster asserts that his Rehabilitation Act claim is based on the same core facts as his ADA claim. Simply put, the statute of limitations on his Rehabilitation Act claim is not tolled during his pursuit of administrative remedies under the ADA. Dr. Webster was well aware of the factual basis for a Rehabilitation Act claim years before he now seeks

4

leave to file such a claim. He filed his ADA EEOC Charge on August 24, 2009. A Copy of the Charge of Discrimination, dated August 24, 2009, is attached hereto as Exhibit 1.

Because Dr. Webster's Rehabilitation Act claim is time-barred, granting leave to amend to allow him to file a Rehabilitation Act claim, would be futile, and as such, should be denied.

**2. Leave should be denied to file a Rehabilitation Act claim against the individually named defendants because the Rehabilitation Act does not permit actions against persons in an individual capacity.**

The Rehabilitation Act does not permit actions against persons in an individual capacity. *Lollar v. Baker*, 196 F.3d. 603, 609 (5th Cir. 1999). In *Lollar,* the Fifth Circuit held that only the public "entity" is amenable to suit under the Rehabilitation Act. *Id.* Other courts have also found that the **Rehabilitation Act** does not permit actions against persons in an **individual capacity**. *Cohn v. KeySpan Corp.,* 713 F.Supp.2d 143, 154) (E.D.N.Y. 2010)(emphasis added). "[T]here is no individual liability for money damages under Title II of the ADA or Section 504 of the Rehabilitation Act." *Gallagher v. Town of Fairfield,* No. 3:10-cv-1270, 2011 WL 3563160, at *3 (D. Conn. Aug. 15, 2011). In addition, other courts have also held that where a plaintiff asserts claims under the Rehabilitation Act against a governmental entity, it is duplicative to also bring the same claim against individuals in their official capacities, and therefore the individual claims should be dismissed. *Id.*

Thus, assuming arguendo that Dr. Webster's Rehabilitation Act claims are not time barred, Dr. Webster has no viable cause of action against Dr. Ralph, Mr. Johnson, or Mr. Pregeant, in their individual capacities; therefore, granting leave to amend to allow Dr. Webster to bring a Rehabilitation Act claim against the individual defendants in their individual capacities would be futile. Leave to amend should be denied as to Dr. Webster's claims against Dr. Ralph, Mr. Johnson, and Mr. Pregeant in their individual capacities, in the event that leave is not denied

5

in its entirety. It is further duplicative, with Dr. Webster already bringing a Section 504 claim against SLU, to allow him to bring a Section 504 claim against the individual defendants in their official capacities. Leave to file a Section 504 claim against the individual defendants, in either their official or individual capacities, should be denied as futile.

### 3. Leave should be denied as to Plaintiff's claims for punitive damages under the Rehabilitation Act

Punitive damages may not be awarded pursuant to Section 504 of the Rehabilitation Act. *Barnes v. Gorman,* 536 U.S. 181, 189 (2002)*; Breeding v. Dept. of Interior,* Civil Action No. 14-948, 2014 WL 50407784, at *7 (E.D. La. Sept. 29, 2014). Dr. Webster cannot rely on the Rehabilitation Act to back-door in a claim of punitive damages, as he appears to do in his Proposed Pleading. Thus, in the event that this Honorable Court grants leave to Dr. Webster to file a Rehabilitation Act claim, such leave should not be permitted for Dr. Webster to make a claim for punitive damages.

### 4. Leave to file breach of contract claims should be denied because those claims would be dismissed, for lack of jurisdiction by operation of the Eleventh Amendment.

As discussed above, leave is futile where the proposed amended claim would not survive a motion to dismiss. Here, Dr. Webster's state law breach of contract claim is barred by the Eleventh Amendment. *Mathai v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College,* 959 F.Supp.2d 951, 956 (E.D. La. 2013). Dr. Webster attempts to assert two such claims: 1) that he was the beneficiary of an agreement between the EEOC and Southeastern Louisiana University; 2) that the defendants "breached their obligations under University policies regarding termination of a faculty employee." Plaintiff cites articles from the Louisiana Civil Code in support of these claims. He further states the intent to "include clarification that he is seeking relief under Louisiana state obligations law." Rec. Doc. No. 63-1,

page 3. His claims are based on state law.

As this Honorable Court is already aware, such state law-based breach of contract claims are barred by the Eleventh Amendment. *See Mathai,* supra. In *Mathai*, the plaintiff asserted breach of contract claims against defendants (Louisiana State University) arguing that the school's student handbooks, codes of conduct, and the Council on Professional Conduct's "Rules of Procedure" set forth procedures that must be followed before disciplinary action is taken. In *Mathai*, this Honorable Court held that the Board of Supervisors for LSU did not waive immunity. This Honorable Court has already ruled that Southeastern did not waive immunity in this case. (Rec. Doc. No. 26). Defendants successfully raised sovereign immunity as a defense to all but Dr. Webster's claim for prospective relief. The prospective relief claim survived dismissal based on the *Ex Parte Young* exception to sovereign immunity. Following this Honorable Court's ruling, Defendants, without waiving immunity, took defensive action against Dr. Webster's remaining claim to avoid default as to same. Defendants first filed an answer to Dr. Webster's remaining claim for prospective relief and then moved for summary judgment as to that claim. (Rec. Doc. No. 45). As Louisiana, including the Board of Supervisors for the University of Louisiana System, has not waived sovereign immunity, La. R.S. § 13:5106(A), Dr. Webster's breach of contract claims would be barred by the Eleventh Amendment. As such, granting Dr. Webster leave to file these claims would be futile, and his motion for leave to add these breach of contract claims should be denied.

## CONCLUSION

Dr. Webster's Rehabilitation Act claim is time-barred; therefore, granting leave to amend to allow him to file a Rehabilitation Act claim would be futile. Further, because Dr. Webster has no viable cause of action against Dr. Ralph, Mr. Johnson, or Mr. Pregeant, in their individual

capacities, granting leave to amend to allow Dr. Webster to bring a Rehabilitation Act claim against the defendants in their individual capacities would be futile. Moreover, leave should not be permitted for Dr. Webster to make a claim for punitive damages because punitive damages may not be awarded pursuant to Section 504 of the Rehabilitation Act. Finally, as the Board of Supervisors for the University of Louisiana System has not waived its sovereign immunity, Dr. Webster's breach of contract claims would be barred by the Eleventh Amendment. Nothing herein shall be construed to serve as any waiver of sovereign immunity provided under the Eleventh Amendment including, but not limited to, Dr. Webster's remaining prospective claim for relief under the ADA or his proposed claims under Louisiana state obligations law or the Rehabilitation Act. As this Court is aware, the previous motion for summary judgment was filed for the limited purpose of defending against Dr. Webster's remaining ADA prospective relief claim (Rec. Doc. No. 45) and Defendants further raise the Eleventh Amendment bar to suits and/or liability in this opposition. For all of these reasons, granting Dr. Webster leave to add a Rehabilitation Act claim would be futile, and his motion for leave to add these breach of contract claims should therefore be denied.

    Respectfully submitted,
**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

**By:** /s/ *Ezra L. Finkle*_____
    **GUY C. CURRY (#22032)**
    **EZRA L. FINKLE (#32139)**
    **ASHLEY E. GILBERT (#29210)**
    Special Assistant Attorney General
    Curry & Friend, APLC
    228 St. Charles Avenue, Suite 1200
    New Orleans, LA 70130
    Tel: (504) 524-8556
    Fax: (504) 524-8703

*Attorneys for the State of Louisiana, through its Board of Supervisors of the University of Louisiana System (Southeastern Louisiana University), Dr. Lynette Ralph, Eric Johnson, and Victor E. "Gene" Pregeant*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF system and has been served upon all counsel of record in accordance with the Court's ECF system on this 24th day of March, 2015.

*/s/ Ezra L. Finkle*