UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. MICHAEL G. WEBSTER | CIVIL ACTION |
| VERSUS | NO. 13-6613 |
| BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL. | SECTION "R" (3) |

ORDER

On April 1, 2015, the *Ex Parte* Motion for Leave to File Amended Complaint [Doc. #63] came on for oral hearing before the undersigned. Present were Bryce Murray on behalf of plaintiff and Ezra Finkle and Ashley Gilbert on behalf of defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

**I.      Background**

The complaint and the pleadings allege as follows. Southeastern Louisiana University ("SLU") is part of the University of Louisiana System. It is located in Hammond, Louisiana. The main, on-campus library is the Linus Sims Memorial Library ("Sims Library"). Plaintiff worked at Sims Library from November 2007 through July of 2010. Although he began as an effective employee, his work performance deteriorated. Ultimately, based on his inability to work with certain co-workers (including Beth Stahr, the Head of Reference at Sims), declining job performance

(including failure to follow simple, repeated instructions from his supervisors), and sudden, unpredictable emotional outbursts that frightened or otherwise alienated his co-workers, the decision was made not to renew plaintiff's contract. He was transitioned from Collection Development Librarian to Special Projects Librarian in July of 2009. While his job duties changed, his pay did not. While serving as a Special Projects Librarian, plaintiff spent a good amount of time either sleeping on the job or engaging in personal matters while on school time and with school resources. His sleeping got to the point where his snoring was distracting others, both co-workers and students. His job performance only continued to decline. Ultimately, he was let go from Sims Library.

No new Collection Development Librarian was ever brought in to replace plaintiff. In fact, the funding for his position was eliminated. Plaintiff's duties as a Collection Development Librarian were absorbed by other staff members at the library.

Plaintiff sued SLU claiming violations under the Americans with Disabilities Act (ADA") and its amendments. Suit was brought on December 9, 2013. SLU, along with the individual defendants, filed a motion to dismiss plaintiff's claims on the grounds that the Eleventh Amendment prevented plaintiff from moving forward with his claims for monetary damages. The Court granted SLU's motion to dismiss in part, dismissing plaintiff's claims for monetary relief based on Eleventh Amendment immunity. But the Court denied the motion to dismiss as to plaintiff's claim for prospective relief based on the *Ex parte Young* exception. As the District Court held, "pursuant to the *Ex parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief…" Thus, only plaintiff's claim for prospective relief is pending before the Court. The gravamen of this claim is for reinstatement.

2

## II.    The Parties' Contentions

Plaintiff seeks to amend his complaint to add a cause of action under Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.* as well as to clarify his cause of action under state-obligation rights.  Plaintiff argues that his claim under the RA arises under the same set of facts as his ADA claim and against the same defendants.  The RA allows a state employee to bring an action similar to an ADA action against the State despite sovereign immunity if the employer receives federal funds.  Plaintiff contends that the amendment relates back to the original complaint because it arises under the same conduct.

Plaintiff also seeks to amend to clarify his cause of action under state-obligation law. Plaintiff seeks to allege that SLU and the Equal Employment Opposrutniy Commission ("EEOC") entered a contract that SLU would not terminate plaintiff until the EEOC issued a "no cause" determination.  Plaintiff argues that he is a beneficiary of that contract and seeks to allege SLU's breach of the contract.  Plaintiff also wishes to clarify that he alleges that SLU breached its own policy related to the termination of faculty.

Plaintiff maintains that his amendment is timely and will add no additional discovery burdens. He argues that discovery is just beginning.  He also contends that he pleaded the state-law claims in the original complaint and only seeks to clarify them.   Thus, he maintains, there is no prejudice to defendants, and there can be no showing of bad faith or dilatory motive.

In his reply, plaintiff contends that a federal statute of limitations of four years applies here as opposed to Louisiana's general one-year prescription statute.

Defendants argue that the amendment is futile.  They maintain that plaintiff's RA claim is time-barred.  They note that the discrimination of which he complains occurred on July 6, 2009, and

3

courts apply Louisiana's one-year prescriptive period to the RA. Neither has there been tolling here. Defendants note that because the RA does not require that a plaintiff exhaust with the EEOC, any period of time waiting for the right-to-sue letter does not toll the prescriptive period. Defendants contend that this precludes plaintiff's RA claim from relating back. Even the Supreme Court has held, defendants note, that the statute of limitations continues to run on a claim that requires no administrative exhaustion while a plaintiff pursues remedies on a separate claim that has such a requirement. Defendants also note that the RA does not require exhaustion of administrative remedies when the suit involves a non-federal employee bringing a claim based on the employer's receipt of federal funds.

Defendants also ask the Court to deny any assertion of an RA claim against the individual defendants because the RA does not permit actions against persons in their individual capacity. Other courts, they also note, have also held that when a plaintiff brings suit agains the governmental entity, it is duplicative to bring the same claim against any official in his official capacity, so the individual must be dismissed.

Defendants also ask the Court to deny leave to amend as to the claim for punitive damages because punitive damages may not be awarded under the RA. As to the state-law contract claims and their clarification, defendants contend that they are barred by the Eleventh Amendment.

### III. Law and Analysis

Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to allow amendment of the complaint, the Court must consider any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

4

to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id.* Therefore, the Court reviews the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (citation internal and quotation marks omitted).

This Court can not say at this time that plaintiff's claim under the RA is time-barred and thus futile. The Rehabilitation Act prohibits recipients of federal financial assistance from discriminating against disabled, but otherwise qualified individuals. *See Kapche v. City of San Antonio*, 176 F.3d 840, 844 n. 27 (5th Cir. 1999). Defendants contend that because plaintiff is not required to exhaust his administrative remedies, prescription began to run on his RA claim in 2009. Because plaintiff did not file suit until 2013, defendants argue, his RA claim is time-barred.

Such a finding is not as clear in this circuit as it might be elsewhere. Whether plaintiff must exhaust administrative remedies is the subject of contradictory law in this circuit. In *Camenisch v. University of Texas*, the Fifth Circuit held that "private individual suits to enforce Section 504 rights can be brought without previous resort to administrative remedies . . . ." 616 F.2d 127, 135 (5th Cir. 1980), *vacated on other grounds by Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981). The following year, however, the court required a plaintiff to exhaust his administrative remedies before maintaining a Section 504 lawsuit in federal court. *Prewitt v. United States Postal Serv.*, 662 F.2d 311, 313-14 (5th Cir. 1981). The *Prewitt* court limited *Camenisch* to lawsuits against federal

5

grantees, not federal agencies. *See id.* However, later, and in a lawsuit against a federal grantee, the court noted that "we have held that a plaintiff must exhaust her administrative remedies before bringing a claim under Section 504 of the Rehabilitation Act." *Malakoff v. Alton Ochsner Med. Found.*, No. 00-30836, 2001 WL 498727, at *1 n.1 (5th Cir. Apr. 16, 2001). Thus, this Court can not find at this time that plaintiff's RA claim is time-barred. Whether a four-year or one-year statute of limitations is thus of no moment. The Court grants the motion with respect to this claim.

However, the Court denies the motion in all other respects. The motion is denied as to any potential claim under the RA as to any individual employee. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) ("Here it is clear that SMRC – not Baker [the individual] – is the program recipient of the federal financial assistance. Consequently, Lollar cannot sue Baker, individually, under the Act."). The Court also denies the motion with regard to the claim for punitive damages, which are not recoverable under the RA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). And lastly, the Court denies the motion with regard to the state-law breach-of-contract claims. These claims are barred by sovereign immunity. *See Mathai v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 959 F. Supp. 2d 951, 957 (E.D. La. 2013). With regard to these claims, the amendment is futile.

## IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the *Ex Parte* Motion for Leave to File Amended Complaint [Doc. #63] is GRANTED IN PART and DENIED IN PART as outlined above. Plaintiff shall file an amended complaint in compliance with this Order **no later than seven (7) days from the below date**.

New Orleans, Louisiana, this 14th day of April, 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**