UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. MICHAEL WEBSTER | * | CIVIL ACTION NO. 13-6613 |
| Plaintiff | * | SECTION "R" (3) |
| | * | JUDGE VANCE |
| vs. | * | |
| | * | MAGISTRATE KNOWLES |
| BOARD OF SUPERVISORS OF THE | * | |
| UNIVERSITY OF LOUISIANA SYSTEM | * | |
| (SOUTHEASTERN UNIVERSITY), | * | |
| DR. LYNETTE RALPH, ERIC JOHNSON, | * | |
| and VICTOR "GENE" PREGEANT | * | |
| | * | |
| Defendants | * | |

**BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM'S (SOUTHEASTERN LOUISIANA UNIVERSITY) MEMORANDUM IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER, REC. DOC. NO. 73**

**MAY IT PLEASE THE COURT:**

The Magistrate Judge relied on *obiter dictum* contained in a footnote from *Malakoff v. Alton Ochsner Medical Foundation* in concluding that, because Fifth Circuit precedent was unclear, it could not say that Dr. Webster's claim was time barred. This reliance on *obiter dictum* is contrary to applicable law. Moreover, the *Malakoff* footnote at issue misconstrued the law. Defendants thus object to the portion of the Court's order granting leave to amend to add a Rehabilitation Act claim as to Southeastern Louisiana University, Rec. Doc. No. 73.

The Court entered an order denying leave for Dr. Webster to file a breach of contract claim, to seek punitive damages, and to file a claim under Section 504 of the Rehabilitation Act of 1973 ("RA") claim against the individually named defendants, Eric Johnson, Dr. Lynette Ralph, and Victor E. "Gene" Pregeant. Defendant, the Board of Supervisors for the University of Louisiana System ("SLU"), is thus the only remaining defendant as to Dr. Webster's RA claim.

1

Thus, this Motion for Review of the Magistrate Judge's order to grant leave to Dr. Webster to file an RA claim against SLU is filed only on behalf of SLU. SLU, and the other defendants, agree, in all other respects, with the Court's order. But, as will be shown further below, the Court's decision to grant leave as to an RA claim against SLU was based solely on a non-binding footnote in the *Malakoff* case that does not have the effect of binding precedent.

## STANDARD OF REVIEW

The decision by a magistrate judge on a motion for leave to amend and add parties is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide.

SLU is cognizant of the deferential standard to be applied in reviewing the Magistrate Judge's ruling. A district judge may modify or set aside an order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.S. § 636(b)(1)(A). Conclusions of law should be overturned when the magistrate "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans,* Civil Action No. 06-4350, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008)(quoting *Carmona v. Wright,* 233 F.R.D. 270, 276 (N.D.N.Y. 2006)).

This motion for review involves review of the magistrate judge's conclusion of law. As discussed throughout, the part of the ruling objected to, the granting of leave to file an RA claim against SLU, was based on a footnote from a case in which the footnote contained a statement misconstruing the law—applying *Prewitt* to suits against federal grantees. The footnote itself constituted *obiter dictum* and was thus not binding precedent.

**BACKGROUND**

1.      **Dr. Webster's Motion for Leave to File an Amended Complaint**

During the briefing, the issue argued was whether a one-year or a four-year statute of limitations applied to Dr. Webster's Rehabilitation Act claim. *See* Rec. Doc. No. 68, pp. 2-4; *but see* Rec. Doc. No. 71, p. 3. SLU, and the other defendants, cited *Camenisch*, as well as *Cannon v. University of Chicago,* 441 U.S. 667, 706-08 (1979), in support of their argument that Dr. Webster did not need to exhaust his administrative remedies before filing an RA claim and, thus, that the statute of limitations was not tolled while the EEOC was reviewing his claim under the ADA. In his reply, Dr. Webster said that courts were "littered with judgments" where a plaintiff needed to exhaust his administrative remedies before filing an RA claim. Dr. Webster, however, cited no authority in support of this claim. This issue was also presented during oral argument.

2.      **The Magistrate Judge's Order**

In granting Dr. Webster leave to file an RA claim, the Court ruled that Fifth Circuit precedent was not clear whether Dr. Webster was required to exhaust his administrative remedies before filing a claim under the RA. SLU argued that a plaintiff need not exhaust his remedies before filing a RA claim, thus the statute of limitations for an RA claim was not tolled. The portion of the Court's order to which SLU objects states as follows:

> Such a finding is not as clear in this circuit as it might be elsewhere. Whether plaintiff must exhaust administrative remedies is the subject of contradictory law in this circuit. In *Camenisch v. University of Texas*, the Fifth Circuit held that "private individual suits to enforce Section 504 rights can be brought without previous resort to administrative remedies…." 616 F.2d 127, 135 (5th Cir. 1980), *vacated on other grounds by Univ. of Tex. v. Camenisch,* 451 U.S. 390 (1981). The following year, however, the court required a plaintiff to exhaust his administrative remedies before maintaining a Section 504 lawsuit in federal court. *Prewitt v. United States Postal Serv.,* 662 F.2d 311, 313-14. The *Prewitt*

> court limited *Camenich* to law suits against federal grantees, not federal agencies. *See id.* However, after, and in a lawsuit against a federal grantee, the court noted that "we have held that a plaintiff must exhaust her administrative remedies before bringing a claim under Section 504 of the Rehabilitation Act." *Malakoff v. Alton Ochsner Med. Found.*, No. 00-30836, 2001 WL 498727, at *1 n.1 (5th Cir. Apr. 16, 2001). Thus, this Court cannot find at this time that plaintiff's RA claim is time barred. Whether a four-year or one-year statute of limitations is thus of no moment. The Court grants the motion with respect to this claim.

Rec. Doc. No. 73, p. 6. The Magistrate Judge was apparently constrained by the *obiter dictum*. But for the *obiter dictum* in *Malakoff*, it appears that the Magistrate Judge, applying *Camenisch* in suits against federal grantees, would have denied Dr. Webster's motion for leave to file an RA claim as to SLU. The Magistrate Judge denied Dr. Webster's motion for leave in all other respects.

## LAW AND ARGUMENT

**1.   The Court's reliance on footnote in *Malakoff* was contrary to law because the footnote is *obiter dictum* and is not binding on courts within the Fifth Circuit.**

   **a.   What is obiter dictum?**

"Obiter dictum" is an observation of "judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." *Hearn*, 376 F.3d at 453-54. Obiter dictum only serves as a "by the way" to the holding of a case and does not constitute an essential or integral part of the legal reasoning behind a decision. *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 385-86 (5th Cir. 1998).

The rules regarding precedent, however, do not extend to *obiter dictum*. *See In re Hearn,* 376 F.3d 447, 453 (5th Cir. 2004). *Obiter dictum* is thus not binding precedent. *See id.; see also Marange v. Fontenot,* 879 F.Supp. 679, 685-86 (E.D. Tex. 1995). The Magistrate Judge acted

4

contrary to law in relying on the *obiter dictum* from *Malakoff* to reach the conclusion that, because the law was unclear regarding exhaustion of administration remedies in suits against federal grantees, it could not dismiss Dr. Webster's RA claim.

### b. Does this footnote from *Malakoff* constitute *obiter dictum*?

This portion of *Malakoff* constitutes *obiter dictum*. A statement is obiter dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it. *Int'l Truck & Engine Corp., v. Bray,* 372 F.3d 717, 721 (5th Cir. 2004).

The footnote in *Malakoff* relied on by the Magistrate Judge is *obiter dictum* as it is a statement that could have been deleted without seriously impairing the analytical foundation or outcome of the holding. While it is true that the question presented to the Fifth Circuit in *Malakoff* was "whether a disabled participant in a private institution's program or activity receiving federal financial assistance must first exhaust her administrative remedies," *Malakoff*, 2001 WL 498727, at *1, the Fifth Circuit did not get that far in its central analysis.[1] Rather than analyze the administrative exhaustion requirement, the Fifth Circuit rejected the *Malakoff* plaintiff's appeal on the grounds that it was not properly preserved at the district court level. It was only in a footnote, a "by the way" statement, collateral to Fifth Circuit's rejection of the *Malakoff* plaintiff's appeal, that the *Malakoff* court wrote"[e]ven if *Malakoff* had preserved this issue, her arguments are without merit because we have held that a plaintiff must exhaust her administrative remedies…" The *Malakoff* court then cited to *Prewitt*, 662 F.2d at 303-04.

This one footnote is the epitome of *obiter dictum.* It is a "by the way" statement. Had the *Malakoff* court simply omitted that footnote, its ruling would not have changed. It still would

---

[1] A copy of *Malakoff* is attached hereto as Exhibit 1.

have denied the *Malakoff* plaintiff's appeal on the grounds that plaintiff did not raise the issue on appeal at the district court level. Since the footnote is a statement that could have been deleted without any serious impact on the analysis at work in the body of *Malakoff*, it is *obiter dictum* and the Magistrate Judge was not required to cite it as the sole grounds for a conflict in Fifth Circuit precedent regarding the requirement to exhaust administrative remedies.

    **c. The *Malakoff* court, in the footnote at issue, misinterpreted the law in that it overextended *Prewitt***

The *Malakoff* footnote at issue reads as follows:

> Even if Malakoff had preserved this issue, her arguments are without merit because we have held that a plaintiff must exhaust her administrative remedies before bringing a claim under section 504 of the Rehabilitation Act, 29 U.S.C. 794. *See Prewitt v. United States Postal Serv.,* 662 F.2d 292, 303-04 (5th Cir.1981) ("read[ing] the exhaustion of administrative remedies requirement of section 501 [of the Rehabilitation Act] into the private remedy recognized by both section 501 and section 504 **for federal government handicap discrimination**").

*Malakoff,* supra, n.1 (emphasis added). The *Prewitt* case involved a claim against the U.S. Postal Service, a federal agency. Its holding is therefore limited to federal agencies. The Fifth Circuit, in *Malakoff,* misapplied the law in this footnote by overextending the rule in *Prewitt*, involving a federal agency, to a federal grantee, Ochsner.[2]

    Moreover, it appears that the statement in this footnote is not something that, as required by *Int'l Truck,* supra, received "full and careful consideration" by the *Malakoff* court. Had the *Malakoff* court examined *Prewitt,* 662 F.2d at 303-04, it would have observed that *Prewitt*'s requirement of exhausting administrative remedies in Section 504 claims <u>was limited to only federal government agencies</u>. And, as *obiter dictum*, this one footnote needed to be considered

---

[2] For purposes of this motion, Defendant SLU presumes that Ochsner, the defendant in *Malakoff*, is a federal grantee.

afresh in light of its own rationale and consistent with other authority. *Marange,* supra. The footnote at issue in *Malakoff* is contrary to Fifth Circuit precedent. As the Magistrate Judge noted, *Prewitt* required exhaustion of administrative remedies in claims against the federal government, but *Camenisch* still controlled in cases against federal grantees. Rec. Doc. No. 73, p. 5-6.[3]

In the portion of *Prewitt,* cited by *Malakoff,* and relied on by the Court in this case, the Fifth Circuit discussed the provision in section 501 of the Rehabilitation Act, that "before an individual can bring a section [501] action in court, strict procedural requirements with respect to exhaustion of administrative remedies must be fulfilled." *Prewitt,* 662 F.2d at 303.

Section 501 is a remedy available <u>only</u> to employees of a federal department, agency, or instrumentality. *Id.* at 302. Section 501 and 505 claims are not available to the employees of federal grantees. Only Section 504 claims are available to employees of federal grantees. *Chiari v. City of League City,* 920 F.2d 311, 317 (5th Cir. 1991). "Section 501 refers to the duty of federal, rather than federally funded, employers to accommodate the handicapped…" *Id.*

Based on its interpretation of the 1978 amendments to the RA, the *Prewitt* court held that it "must read the exhaustion of administrative remedies requirement of section 501 into the private remedy recognized by both section 501 and section 504 **for federal government handicap discrimination**." *Id.* at 304 (emphasis added).

Indeed, federal employees must exhaust their administrative requirements before bringing an employment discrimination claim against the federal agency employing them. 29 C.F.R. § 1614.105(a)(1). Pursuant to this regulation, aggrieved federal employees are required to contact their office's EEO within forty-five (45) days of the matter alleged to be discriminatory or, in the

---

[3] A copy of both *Prewitt* decisions are attached hereto as Exhibit 2.

case of personnel action, within forty-five days of the effective date of action. *Eberle v. Gonzalez,* 240 Fed.Appx. 622, 626 (5th Cir. May 18, 2007)(Federal Bureau of Prisons); *see also Austin v. Potter,* 358 Fed.Appx. 602, 605 (5th Cir. Jan. 4, 2010)(USPS); *Pacheco v. Rice,* 966 F.2d 904, 905 (5th Cir. 1992)(U.S. Air Force civilian employee). Once a federal employee's administrative remedies have been exhausted, that employee is entitled to de novo consideration of her discrimination claims in the district court.

SLU, however, is not a federal department, agency, or instrumentality. It is a public university overseen by the Board of Supervisors for the University of Louisiana System. *Prewitt* is limited to RA claims brought against federal employers. In a companion opinion, the *Prewitt* court expressly limited *Camenisch* to federal grantees:

> Nevertheless, relying on this court's decision in Camenisch v. University of Texas, 616 F.2d 127, 134-35 (5th Cir. 1980), vacated on other grounds, —- U.S. ——, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), Prewitt contends that he is not required to exhaust his administrative remedies. In Camenisch, this court broadly held that "a plaintiff is under no obligation to pursue administrative remedies" when bringing an action under section 504 of the Rehabilitation Act, 29 U.S.C. s 794. However, Camenisch involved a claim against a federal grantee, not a federal agency. We find that Camenisch must be limited to actions against federal grantees.
>
> …
>
> In Prewitt I, 662 F.2d at 292, we held that a person claiming federal employer handicap-discrimination must exhaust administrative remedies before filing suit. We held that the private right of action under sections 504 and section 501, 29 U.S.C. s 791, of the Rehabilitation Act, requires a disappointed handicapped federal job seeker to comply with the requirements of section 717(c) of the Civil Rights Act, as explicitly provided for section 501 actions in section 505 of the Rehabilitation Act, 29 U.S.C. s 794a(a)(1).

8

*Prewitt*, 662 F.2d at 313-14. *Prewitt* did not affect *Camenisch's* holding that there is "no obligation to pursue administrative remedies" as to suits against federal grantees, such as SLU.[4]

Not only is it *obiter dictum*, but the *Malakoff* court's statement in the footnote at issue was incorrect. *Prewitt* did not extend the administrative exhaustion requirement to suits against federal grantees. Rather, it expressly limited *Camenisch* to suits against federal grantees. *See* Exhibit 2. The very quote from *Prewitt* cited in the *Malakoff* footnote is actually itself limited, by the last five words ("for federal government handicapped discrimination"), to actions against the federal government. 662 F.2d at 304. This footnote, aside from being *obiter dictum*, was an incorrect statement since *Prewitt* did not extend the administrative exhaustion requirement to suits against federal grantees.

## CONCLUSION

While the Magistrate Judge's ruling was correct in every other respect, the Magistrate Judge's reliance on this footnote in *Malakoff*, which constituted *obiter dictum*, was contrary to law. This one footnote overextended *Prewitt* past its own limits as to federal agencies. As such, the Magistrate Judge's granting leave to Dr. Webster to file an RA claim, based on the perceived conflict in the Fifth Circuit on the issue as to RA claims against federal grantees was contrary to law and should be set aside. SLU, however, agrees with the Magistrate Judge's Order in all other respects.

---

[4] For purposes of this motion, without waiving any defenses, SLU assumes that it receives federal funding sufficient to expose it to liability under Section 504 of the Rehabilitation Act. SLU, however, reserves the right to raise any lack of sufficient funding as a defense to liability under Section 504 should its investigation later establish same.

Respectfully submitted,
**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

By: /s/ *Ezra L. Finkle*_____
**GUY C. CURRY (#22032)**
**EZRA L. FINKLE (#32139)**
**ASHLEY E. GILBERT (#29210)**
**Special Assistant Attorney General**
**Curry & Friend, APLC**
**228 St. Charles Avenue, Suite 1200**
**New Orleans, LA 70130**
**Tel: (504) 524-8556**
**Fax: (504) 524-8703**

*Attorneys for the State of Louisiana, through its Board of Supervisors of the University of Louisiana System (Southeastern Louisiana University), Dr. Lynette Ralph, Eric Johnson, and Victor E. "Gene" Pregeant*

10

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF system and has been served upon all counsel of record in accordance with the Court's ECF system on this 28th day of April, 2015.

*/s/ Ezra L. Finkle*