UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. MICHAEL G. WEBSTER                CIVIL ACTION

VERSUS                                NO: 13-6613

BOARD OF SUPERVISORS OF THE UNIVERSITY      SECTION: R(3)
OF LOUISIANA SYSTEM, ET AL.

### ORDER AND REASONS

Defendant Board of Supervisors of the University of Louisiana System moves for review of the Magistrate Judge's Order granting plaintiff Dr. Michael Webster leave to amend his complaint to add a claim under section 504 of the Rehabilitation Act of 1973.[1] Because the Court finds the amendment futile, the Court grants the motion and reverses in part the Magistrate Judge's decision.

## I. BACKGROUND

Plaintiff filed this action alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008. Plaintiff sued the Board of Supervisors of the University of Louisiana System; Eric Johnson, in his personal capacity and official capacity as Sims Library Director at Southeastern University ("SLU"); Lynette Ralph, in her personal capacity and official capacity as Assistant Sims Library Director at SLU; and Victor Pregeant, in his personal capacity and official

---

[1]     R. Doc. 75.

capacity as Compliance Officer for Equal Employment Opportunity / Americans with Disabilities Act at SLU.

Plaintiff alleges the following facts. In 2007, SLU hired him as a Collection Development Librarian. In early 2008, he informed Ralph, his immediate supervisor, that he suffered from manic and major depression and that, despite taking medication, he might occasionally behave irrationally. On June 19, 2009, while suffering a manic episode, plaintiff sent Ralph an e-mail falsely accusing Johnson of sexual harassment. The next day, realizing what he had done, plaintiff sent Ralph an e-mail explaining that the accusation was caused by a manic episode and asking her to delete and disregard it.

On or about July 6, 2009, Ralph and Johnson informed plaintiff that SLU would not renew his contract; that his employment would cease on January 6, 2010; and that, in the meantime, he was demoted from Collection Development Librarian to Special Projects Librarian. A week later, plaintiff filed a complaint with Pregeant alleging harassment based on his disability and requesting an accommodation. He alleges that Pregeant refused to investigate his complaint because plaintiff was unable to provide records of his disability from a medical specialist.

In August 2009, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC later informed him that SLU had agreed not to effectuate his termination

2

until the EEOC completed its investigation.  Nevertheless, before the EEOC investigation concluded, SLU terminated plaintiff's employment on June 30, 2010, with an effective date of termination of July 14, 2010.  According to plaintiff, he was escorted off campus and told he was no longer required to report to work on July 12, 2010, two days before his official termination date.  Plaintiff alleges that from July 2009 through his date of termination, he sustained public ridicule and embarrassment for his disability and the side effects of his medication.

On September 28, 2011, the EEOC issued its determination finding reasonable cause to believe that SLU terminated Webster because of his disability.  The EEOC engaged the parties in conciliation efforts, which proved unsuccessful.  On September 9, 2013, the Department of Justice issued plaintiff a right to sue letter.  Plaintiff brought this action on December 9, 2013.

On August 8, 2014, the Court dismissed several of plaintiff's claims.  Specifically, the Court dismissed plaintiff's claims for money damages against SLU and against Johnson, Ralph, and Pregeant in their official capacities, and plaintiff's claims against Johnson, Ralph, and Pregeant in their personal capacities.  The Court permitted plaintiff to proceed with his claims for prospective declaratory and injunctive relief against Johnson, Ralph, and Pregeant in their official capacities.

On March 16, 2015, plaintiff filed a motion for leave to amend his complaint to add a claim under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and to add or clarify a claim under Louisiana state obligations law. The Magistrate Judge granted plaintiff's motion to add a section 504 claim under the Rehabilitation Act as to the Board of Supervisors, but denied the motion in all other respects. Specifically, the Magistrate Judge denied the motion as to any potential claim under the Rehabilitation Act as to any individual employee, for punitive damages under the Rehabilitation Act, and for any state-law breach-of-contract claims.

Defendant now moves for review of the Magistrate Judge's order granting plaintiff leave to amend his complaint to add a claim under section 504 of the Rehabilitation Act.


## II. LEGAL STANDARD

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Nevertheless, a party dissatisfied with a magistrate judge's ruling may appeal to the district court for review. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* Under this highly deferential standard, a

4

magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently." *Ordemann v. Unidentified Party*, CIV. A. No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2009) (internal quotation omitted). Instead, the decision must be affirmed unless "on the entire record [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." One factor courts consider in deciding whether to grant leave to amend is whether amendment will be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion to dismiss. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).

Defendant argues that the Magistrate Judge's order granting plaintiff's motion to amend his complaint to add a claim under section 504 of the Rehabilitation Act is contrary to law. According to defendant, allowing the amendment is futile because plaintiff's claim is time-barred by the statute of limitations. Defendant contends that a plaintiff asserting a section 504 claim

under the Rehabilitation Act need not exhaust administrative remedies, and, therefore, the statute of limitations continued to run while plaintiff pursued administrative relief.

**A. Section 504 of the Rehabilitation Act Does Not Require Exhaustion of Administrative Remedies in Claims Filed Against Federal Grantees**

Whether plaintiff's claim is barred by the statute of limitations turns on whether individuals asserting claims under section 504 of the Rehabilitation Act must exhaust administrative remedies. An exhaustion requirement tolls the limitations period, but the absence of an exhaustion requirement allows the limitations period to run even while a plaintiff pursues administrative remedies. *See Adams v. District of Columbia*, 740 F. Supp. 2d 173, 182-83 (D.D.C. 2010) ("A limitations period does not toll when a plaintiff is not required but chooses to exhaust his administrative remedies before pursuing a claim in court." (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 461 (1975)).

The Magistrate Judge found that whether a plaintiff must exhaust administrative remedies before filing a section 504 lawsuit is subject to contradictory law in this circuit. He reasoned as follows:

> In *Camenisch v. University of Texas*, the Fifth Circuit held that "private individual suits to enforce Section 504 rights can be brought without previous resort to administrative remedies . . . ." 616 F.2d 127, 135 (5th Cir. 1980), *vacated on other grounds by Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981). The following year, however, the court required a plaintiff to exhaust his administrative remedies before maintaining a Section 504

6

lawsuit in federal court. *Prewitt v. United States Postal Serv.*, 662 F.2d 311, 313-14 (5th Cir. 1981). The *Prewitt* court limited *Camenisch* to lawsuits against federal grantees, not federal agencies. *See id.* However, later, and in a lawsuit against a federal grantee, the court noted that "we have held that a plaintiff must exhaust her administrative remedies before bringing a claim under Section 504 of the Rehabilitation Act." *Malakoff v. Alton Ochsner Med. Found.*, No. 00-30836, 2001 WL 498727, at *1 (5th Cir. Apr. 16, 2001). Thus, this Court cannot find at this time that plaintiff's RA claim is time-barred.

As the Magistrate Judge correctly noted, *Camenisch* stands for the proposition that plaintiffs need not exhaust administrative remedies to enforce section 504 rights under the Rehabilitation Act, and *Prewitt* limited this holding to suits against federal grantees. Thus, because defendant is a federal grantee, not a federal agency, *Camenisch* would seem to govern and indicate that exhaustion is not required. The Magistrate Judge did not reach this conclusion because of the Fifth Circuit's more recent statements in *Malakoff*, an unpublished opinion. There the court did not consider the plaintiff's argument that she was not required to exhaust her administrative remedies under the Rehabilitation Act in order to bring suit against a federal grantee because she failed to present this argument to the district court. *Malakoff*, 2001 WL 498727, at *1. In a footnote, the court noted that even if it were to consider the plaintiff's argument, the claim would fail because "a plaintiff must exhaust her administrative remedies before bringing a claim under section 504 of the Rehabilitation Act, 29

7

U.S.C. 794." *Malakoff*,  at *1 n.1 (citing *Prewitt*, 662 F.2d at 303-04).

The Court finds that *Malakoff* is not dispositive of this issue.  The Fifth Circuit's holding in *Camenisch* provides binding precedent that a plaintiff need not exhaust administrative remedies before filing a section 504 claim under the Rehabilitation Act against a federal grantee.  Initially, the Court notes that *Malakoff* is unpublished and, therefore, does not serve as precedent.[2]  Moreover, even if *Malakoff* were published, the Fifth Circuit's prior precedent rule provides that "the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *United States v. Ocean Bulk Ships, Inc*., 248 F.3d 331, 340 n.2 (5th Cir. 2001) (citing *Smith v. GTE*, 236 F.3d 1292, 1300 n.8 (5th Cir. 2001)).  The Court is not aware of and the parties point to no en banc Fifth Circuit or Supreme Court decision overturning the holding regarding exhaustion in *Camenisch*.[3]

---

[2]     5th CIR. R. 47.5 indicates that unpublished opinions issued on or after January 1, 1996, "are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)."

[3]     The Supreme Court vacated on other grounds the Fifth Circuit's decision in *Camenisch* in *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981).

The Court's holding is bolstered by the consensus outside of this circuit that plaintiffs need not exhaust administrative remedies before filing a section 504 claim under the Rehabilitation Act against federal grantees. *See Freed v. Consolidated Rail Corp.*, 201 F.3d 188, 194 (3d Cir. 2000) ("[S]ection 504 plaintiffs may proceed directly to court without pursuing administrative remedies."); *Brennan v. King*, 139 F.3d 258, 268 n.12 (1st Cir. 1998) ("[T]he Rehabilitation Act does not require exhaustion."); *Tuck v. HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 470-71 (6th Cir. 1993) (finding no exhaustion requirement under the Rehabilitation Act for non-federal employees); *New Mexico Ass'n of Retarded Citizens v. State of New Mexico*, 678 F.2d 847, 850 (10th Cir. 1982) (finding no exhaustion requirement); *Kling v. Los Angeles Cnty.*, 633 F.2d 876, 879 (9th Cir. 1980) ("Section 504 remedies are inadequate and [] exhaustion is not required."); *Lloyd v. Reg'l Transp. Auth.*, 548 F.2d 1277, 1287 (7th Cir. 1977) (same).

Accordingly, the Court finds that section 504 of the Rehabilitation Act does not require plaintiffs to exhaust administrative remedies before filing a claim against federal grantees.

## B. Plaintiff's Rehabilitation Act Claim is Time Barred

The Court now turns to the issue of whether plaintiff's claim is precluded by the expiration of the statute of limitations. Claims under the Rehabilitation Act are subject to the relevant

9

state's limitations period for personal injury actions.  *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (applying Texas's two-year personal-injury limitations period to a Rehabilitation Act claim).  Under Louisiana law, the applicable prescriptive period for personal injury actions is one year. La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").  Therefore, plaintiff's claim is subject to a one-year statute of limitations.  *See Griffin v. New Orleans City*, Civ. A. No. 14-559, 2015 WL 1012982, at *3 (E.D. La. Mar. 5, 2015) (applying Louisiana's one-year statute of limitations to a section 504 Rehabilitation Act claim).

While the limitations period is determined with reference to state law, accrual of a cause of action is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Accrual generally occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).  "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the *facts* forming the *basis* of his cause of action, . . . not that of the existence of the cause of action itself." *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks omitted) (alteration in original).

Here, defendant notified plaintiff it would not renew his contract on July 6, 2009, and plaintiff filed an EEOC complaint on August 24, 2009.  Plaintiff therefore had knowledge of the alleged injury in August 2009, at the latest, and likely earlier in July 2009.  SLU terminated plaintiff's employment altogether in July 2010.  Despite this knowledge, plaintiff did not file this action until December 9, 2013.  Accordingly, whether the statute of limitations on plaintiff's claim began to run in July or August 2009, when he learned his contract would not be renewed and when he filed an EEOC complaint,[4] or in July  2010, when he was terminated, is of no consequence because plaintiff waited well over one year to file his claim.[5]  Because the Court has already found that the Rehabilitation Act does not require exhaustion in this case, plaintiff's pursuit of his administrative remedies did not toll the

---

[4]    *See Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998) (finding limitations period could accrue when plaintiff received notice of his future termination date, but before actual termination).

[5]    In its briefing before the Magistrate Judge, plaintiff contended that claims under section 504 of the Rehabilitation Act are subject to a four-year statute of limitations.  In support, plaintiff asserts that 28 U.S.C. § 1658's four-year limitations period is applicable.  The Fifth Circuit, however, has held that "the default four-year limitations period for federal causes of action does not apply" to a claim under section 504 of the Rehabilitation Act because the Rehabilitation Act was enacted before December 1990, and plaintiffs failed to show that the claims were "made possible" by a post-1990 amendment to the statute.  *Frame*, 657 F.3d at 236-37.  Plaintiff likewise makes no showing that the ADA Amendments Act of 2008 made his claim possible.

statute of limitations.  *See Adams*, 740 F. Supp. 2d at 182-83 ("A limitations period does not toll when a plaintiff is not required but chooses to exhaust his administrative remedies before pursuing a claim in court.").  Plaintiff's claim is therefore time barred and allowing plaintiff to amend his complaint to add this claim is futile.

Accordingly, the Court grants defendant's motion for review of the Magistrate Judge's order and reverses in part the Magistrate Judge's decision.


## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for review of the Magistrate Judge's order and reverses in part the Magistrate Judge's decision.  Plaintiff may not file an amended complaint stating a claim under section 504 of the Rehabilitation Act.

Defendant has also moved to strike plaintiff's claim for punitive damages under the Rehabilitation Act in his amended complaint.[6]  Plaintiff filed a memorandum indicating he does not oppose the motion.[7]  Because plaintiff cannot amend his complaint to add a claim under the Rehabilitation Act, and because, at any rate, punitive damages are not recoverable under section 504 of the

---

[6]    R. Doc. 77.

[7]    R. Doc. 83.

Rehabilitation Act, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), the Court GRANTS defendant's motion and strikes plaintiff's claim for punitive damages.

New Orleans, Louisiana, this __10th__ day of July, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE