UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. MICHAEL G. WEBSTER                              CIVIL ACTION

VERSUS                                             NO. 13-6613

BOARD OF SUPERVISORS OF THE                        SECTION "R" (3)
UNIVERSITY OF LOUISIANA
SYSTEM, ET AL.


## ORDER AND REASONS

Before the Court is plaintiff Dr. Michael G. Webster's motion to review and reverse the Court's taxation of costs.  In his motion, Webster argues that Section 12205 of the Americans with Disabilities Act of 1990 displaces Rule 54 of the Federal Rules of Civil Procedure and, with it, the presumption that prevailing parties are entitled to costs.  Because the Court finds that Section 12205 is not "contrary" to Rule 54, Webster's motion is denied.


## I.    BACKGROUND

Plaintiff Dr. Michael G. Webster filed this action alleging violations of the Americans with Disabilities Act of 1990 (ADA) and the ADA Amendments Act of 2008.  Webster sued (1) the Board of Supervisors of the University of Louisiana System; (2) Eric Johnson, in his personal capacity

and official capacity as Sims Library Director at Southeastern Louisiana University (SLU); (3) Lynette Ralph, in her personal capacity and official capacity as Assistant Sims Library Director at SLU; and (4) Victor Pregeant, in his personal capacity and official capacity as Compliance Officer for Equal Employment Opportunity / Americans with Disabilities Act at SLU.[1]  In his complaint, Webster alleged that he suffers from manic and major depression, and that he experienced discrimination, harassment, and termination following depression-induced actions.[2]

On August 8, 2014, the Court dismissed Webster's claims for money damages against SLU and against Johnson, Ralph, and Pregeant in their official capacities, and Webster's claims against Johnson, Ralph, and Pregeant in their personal capacities.[3]  The Court permitted Webster to proceed with his claims for prospective declaratory and injunctive relief against Johnson, Ralph, and Pregeant in their official capacities.[4]

On March 16, 2015, Webster filed a motion for leave to amend his complaint to add a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and to add or clarify a claim under Louisiana state

---

[1]  R. Doc. 1.
[2]  *Id.* at 5-11.
[3]  R. Doc. 26.
[4]  *Id.*

obligations law.[5]  The Magistrate Judge granted Webster's motion to add a Section 504 claim as to the Board of Supervisors, but denied the motion in all other respects.[6]  On review of the Magistrate Judge's order, this Court reversed the Magistrate Judge's decision in part and denied Webster's motion for leave to amend his complaint to add a claim under Section 504.[7]

On July 21, 2015 the Court granted summary judgment on all of Webster's remaining claims and entered judgment in favor of defendants.[8]  Following entry of judgment, defendants submitted a Bill of Costs seeking reimbursement for $1,222.80 in court reporter and service of process fees.[9]  Webster opposed the Bill of Costs, arguing that under the ADA's attorney's fees and costs provision, defendants are entitled to costs only if Webster's suit was frivolous, unreasonable, or groundless.[10]  The Clerk of Court rejected Webster's argument and granted costs to defendants.[11] Webster now moves for review and reversal of the Bill of Costs,[12]  and Defendants oppose the motion.[13]

---

[5]    R. Doc. 63.
[6]    R. Doc. 73.
[7]    R. Doc. 90.
[8]    R. Doc. 96; R. Doc. 97.
[9]    R. Doc. 98.
[10]   R. Doc. 99.
[11]   R. Doc. 100.
[12]   R. Doc. 101.
[13]   R. Doc. 102.

## II.   DISCUSSION

A district court reviews the Clerk of Court's award of costs by exercising its own discretion to "decide the cost question [it]self." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 233 (1964).  Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs, "other than attorney's fees," should be allowed to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise . . . ."  In *Marx v. General Revenue Corp.,* the Supreme Court offered comprehensive guidance for determining whether a statute "provides otherwise" and therefore displaces Rule 54:

> A statute "provides otherwise" than Rule 54(d)(1) if it is "contrary" to the Rule.  See 10 J. Moore, Moore's Federal Practice § 54.101[1][c], p. 54–159 (3d ed. 2012) (hereinafter 10 Moore's).  Because the Rule grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion.  A statute may limit a court's discretion in several ways, and it need not expressly state that it is displacing Rule 54(d)(1) to do so.
>
> . . .
>
> Importantly, not all statutes that provide for costs are contrary to Rule 54(d)(1).  A statute providing that "the court may award costs to the prevailing party," for example, is not contrary to the Rule because it does not limit a court's discretion.  See 10 Moore's § 54.101[1][c], at 54–159 ("A number of statutes state simply that the court may award costs in its discretion.  Such a provision is not contrary to Rule 54(d)(1) and does not displace the court's discretion under the Rule").

133 S. Ct. 1166, 1173 (2013).  The Court then applied this standard and held that The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §

4

1692k(a)(3)—which states that "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs"—does not displace Rule 54.  *Id.* at 1175.

Section 12205 of the ADA, the costs provision at issue in this case, provides in pertinent part: "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  Under the so-called *Christiansburg* test, *attorney's fees* should be awarded to a prevailing defendant under this section only if "the plaintiff's action was frivolous, unreasonable, or without foundation."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Dutton v. Univ. Healthcare Sys., L.L.C.*, 136 F. App'x 596, 604 (5th Cir. 2005).  Webster argues that the *Christiansburg* test extends to costs, and that a prevailing defendant in an ADA suit is therefore entitled to costs only when plaintiff's action was frivolous, unreasonable, or without foundation.  Webster cites several opinions that have held accordingly.  *See, e.g., Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) ("Because § 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA").  Webster's cases, however,

5

predate *Marx*.[14]   The parties do not cite, and the Court has not found, any cases construing the interplay between Rule 54(d)(1) and Section 12205 in light of *Marx*.

The Court finds that, applying *Marx*, the permissive, "may" language of Section 12205 plainly does not limit the Court's discretion and is therefore not contrary to Rule 54(d)(1).   This conclusion is supported by the similarities between Section 12205 and the FDCPA provision considered by the Supreme Court.   Both statutes provide that the court "may" grant attorney's fees and costs to a party, but do not preclude the Court from taking any particular action with respect to costs.

Because Section 12205 is not contrary, it does not "provide otherwise," and Rule 54(d)(1) governs the allocation of costs in this case.   Accordingly, the Clerk's order is consistent with the "strong presumption" contained in the Rule that the prevailing party will be awarded costs.   *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).   The mere fact that Webster's suit was not frivolous is insufficient to overcome the presumption.   *Id.* at 795 ("The district court abused its discretion in denying costs to the prevailing party on

---

[14]   Even discounting *Marx*, the Court is skeptical that *Christiansburg*'s holding could be extended to costs.  The "American Rule" that the prevailing litigant may not collect attorney's fees has long distinguished between attorney's fees and other costs.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247-262 (1975).

the basis of plaintiff's good faith alone."). Defendants are therefore entitled to costs.

## III.  CONCLUSION

For the reasons above, plaintiff Dr. Michael G. Webster's motion to review and reverse the Court's taxation of costs is DENIED.

New Orleans, Louisiana, this ___24th___ day of August, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE